

**COHEN WEISS AND SIMON LLP**

**Zachary N. Leeds, Associate**
Tel:    212.356.0243
Fax:   646.473.8243
zleeds@cwsny.com
www.cwsny.com

330 West 42nd Street • New York, NY 10036-6979

April 3, 2014

<u>By Electronic Case Filing and First Class Mail</u>

The Honorable A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
P.O. Box 9014
Central Islip, NY 11722-9014

Re:    <u>*Ferrara et al. vs. Oyster Bay Sand & Gravel, Inc.*,</u> 11-cv-0796 (JFB)(AKT)

Dear Judge Tomlinson:

This firm represents the plaintiffs/judgment-creditors in the above-referenced matter. We write pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.3 seeking an order (1) directing defendant/judgment-debtor Oyster Ban Sand & Gravel, Inc. (the "Company") to respond to post-judgment discovery, (2) holding the Company liable for the plaintiffs' attorney's fees and costs incurred in connection with this motion, and (3) providing such other and further relief as is just and proper.

In this case, on November 16, 2011, the Court entered a judgment against the Company for $882,557.37. A copy of the judgment is attached as Exhibit A.

In March 2012, I spoke with counsel for the Company on the telephone. She advised that the Company had shut down and offered to send me documents indicating such, including the Company's 2007 and 2008 tax returns and additional documentation that she said she was working to obtain. I requested that she send me other information and documentation as well.

After receiving no response, in April 2012, I emailed counsel. She responded that she was having difficulties getting in touch with her client, and would be in touch with me the next week. On April 12, she emailed me that she had been in touch with her client, advised me of the status of its current assets and liabilities, and represented that the Company's corporate tax returns for 2010 and 2011 were being compiled, and that she would forward them when they were completed. I requested that she also send documentation relating to the information about the Company's assets and liabilities.



The Honorable A. Kathleen Tomlinson
April 3, 2014
Page 2

After hearing nothing for several months, on November 8, 2012, I sent counsel post-judgment discovery, including a notice of deposition, document requests, and interrogatories. A copy of the discovery is attached as Exhibit B. On November 19, 2012, counsel replied by email that she was currently unable to accept service on behalf of her client, as she had been unable to make contact with them. However, before that email and since then, as detailed herein, she has continuously acted on their behalf, conveying information about the Company and communicating with me on their behalf.

On December 7, 2012, I received another email from counsel stating that the Company was not in possession of the requested documents, but that she would seek to obtain them from the individual who was. I followed up with her on December 14, 2012, and she advised that she was following up with the Company. I followed up again twice after that. She responded that she had been attempting to contact the Company, and would try again. After receiving no response for some time, on December 24, 2013, I sent counsel a letter with the discovery, requesting a response by January 10, 2014.

After receiving no response, I emailed counsel on January 17, 2014. She responded that she had spoken with the Company and was in the process of preparing information in response to the discovery requests. I followed up on February 10. On February 14, counsel responded that she was "actively working to provide you with something," and that she hoped to have it by the end of the following week. My email correspondence with counsel, referenced herein, is attached as Exhibit C.

As of today, I have not heard again from counsel or the Company, which has provided no response whatsoever to the post-judgment discovery requests.

Pursuant to Fed. R. Civ. P. 69(a), the Company is required to respond to the document requests and interrogatories, and to appear for the noticed deposition, which it has failed to do. Federal Rule of Civil Procedure 37 provides that in the event a party fails to provide discovery, the party seeking discovery may move to compel. Pursuant to Rule 37 and Local Rule 37.3, plaintiffs/judgment-creditors hereby requests that the Court issue an order requiring (1) directing the judgment-debtors to produce the requested documents within thirty (30) days of entry of an order compelling production, and to appear for a deposition fourteen (14) days thereafter, at my office at Cohen, Weiss and Simon LLP, 330 West 42nd Street, 25th Floor, New York, NY 10036, or face contempt, (2) holding the judgment-debtors liable for the judgment-creditors' attorney's fees and costs incurred in connection with this motion, and (3) providing such other and further relief as is just and proper.

A Proposed Order along these lines is attached as Exhibit D.



The Honorable A. Kathleen Tomlinson
April 3, 2014
Page 3

Thank you for your consideration.

Respectfully submitted,

s/ Zachary N. Leeds

ZNL:cmf

cc:    Abigail Elrod, Esq. (by email at Abigail.Elrod@wilsonelser.com and regular mail at
Wilson Elser Moskowitz Edelman & Dicker LLP, 3 Gannett Drive, White Plains, NY 10604-
3407)

# Exhibit A

Case 2:11-cv-00796-JFB-AKT   Document 20   Filed 04/03/14   Page 5 of 37 PageID #: 464
Case 2:11-cv-00796-JFB-AKT   Document 19   Filed 11/16/11   Page 1 of 2 PageID #: 458
Case 2:11-cv-00796-JFB-AKT   Document 16   Filed 10/12/11   Page 5 of 7 PageID #: 60

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x

THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY PIROZZI, DOMINICK MARROCCO,
ANTHONY D'AQUILA, FRANK FINKEL,
JOSEPH FERRARA, MARC HERBST, THOMAS
CORBETT and DENISE RICHARDSON, as
Trustees and Fiduciaries of the Local 282 Welfare
Trust Fund, the Local 282 Pension Trust Fund, the
Local 282 Annuity Trust Fund, the Local 282 Job
Training Trust Fund, and the Local 282 Vacation
and Sick Leave Trust Fund,

Case No.:
11-CV-0796 (JFB)(AKT)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   NOV 1 6 2011   ★

LONG ISLAND OFFICE

Plaintiffs,

- against -

OYSTER BAY SAND & GRAVEL, INC.,

Defendant.

----------------------------------------------------------------------x

## DEFAULT JUDGMENT AND ORDER

This action having been commenced on February 16, 2011 by the filing of the

complaint and the issuance of the summons; a copy of the summons and complaint having been

served on Defendant Oyster Bay Sand & Gravel, Inc. ("Oyster Bay") on April 25, 2011; the

Affidavit of Service being filed with the Clerk of the Court on May 12, 2011; said Defendant not

having answered the Complaint; and the time for answering the complaint having expired; said

default being willful because of the failure of the Defendant to answer, prejudicial to Plaintiffs in

light of the statutory policy favoring the efficacious resolution of collection actions by employee

benefit funds under the Employee Retirement Income Security Act of 1974, as amended

("ERISA"); and the Defendant lacking a meritorious defense; it is:

00197620.1

*and the Court having determined that an evidentiary hearing is unnecessary on the issue of damages in light of the declarations and documentary evidence submitted by plaintiff*

ORDERED, ADJUDGED AND DECREED that

Oyster Bay is liable to Plaintiffs in the amount of **$882,557.37** consisting of:

(a)   $40,875.66 in unpaid contributions identified by audits covering the period from April 1, 2005 through March 31, 2006 and April 26, 2007 through November 26, 2008;

(b)   $11,293.64 in interest on the audit findings through October 12, 2011;

(c)   $11,293.64 in liquidated damages on the audit findings through October 12, 2011;

(d)   $530,123.00 in withdrawal liability;

(e)   $130,192.40 in interest on the withdrawal liability through October 12, 2011;

(f)   $130,192.40 in liquidated damages on the withdrawal liability through October 12, 2011;

(g)   $25,041.38 in attorney's fees and costs;

(h)   $1,165.25 in wrongly paid benefits

(i)   $2,380.00 in audit costs; and

(j)   $563.18 additional daily interest and liquidated damages on the audit findings and withdrawal liability, beginning to accrue on October 13, 2011 through the date of payment.

SO ORDERED.

Dated:   Nov. 16, 2011
          Brooklyn, New York
          Central
             Islip

_____
JOSEPH F. BIANCO, U.S.D.J.

- 2 -

# Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

THOMAS GESUALDI, LOUIS BISIGNANO,              :
ANTHONY PIROZZI, DOMINICK MARROCCO,            :
ANTHONY D'AQUILA, JOSEPH A. FERRARA,           :
SR., FRANK H. FINKEL, MARC HERBST,             :     Case No.
THOMAS F. CORBETT, AND DENISE                  :     11-cv-0796 (JFB)(AKT)
RICHARDSON, as Trustees and Fiduciaries of the :
Local 282 Welfare Trust Fund, the Local 282    :
Pension Trust Fund, the Local 282 Annuity Trust :
Fund, the Local 282 Job Training Trust Fund, and the :  **NOTICE OF DEPOSITION TO**
Local 282 Vacation and Sick Leave Trust Fund,  :     **OYSTER BAY SAND & GRAVEL,**
                                               :     **INC.**
                    Plaintiffs,                :
                                               :
        -against-                              :
                                               :
OYSTER BAY SAND & GRAVEL, INC.,                :
                                               :
                    Defendant.                 :
------------------------------------------------------------------- X

TO:     Oyster Bay Sand & Gravel, Inc.
        c/o Abigail Rubin
        Wilson Elser Moskowitz Edelman & Dicker LLP
        3 Gannett Drive
        White Plains, NY 10604-3407
        abigail.rubin@wilsonelser.com

        PLEASE TAKE NOTICE that beginning **10:30 a.m. on January 3, 2013** at the

offices of Cohen, Weiss and Simon LLP, 330 West 42nd Street, 25th Floor, New York, New

York 10036, Plaintiffs/Judgment Creditors will take the deposition upon oral examination of

Oyster Bay Sand & Gravel, Inc. (the "Employer"), pursuant to Rule 30(b)(6) of the Federal

Rules of Civil Procedure before a person authorized to administer oaths.  The deposition will

continue from day to day until completed and will be recorded stenographically.

        This notice names as the deponent the Employer.  Under the provisions of Federal

Rule of Civil Procedure 30(b)(6), the Employer is required to identify and produce for deposition

one or more officers, directors, managing agents, or other persons who consent to testify on its

00242482.1

behalf and are the officers, directors, agents, or employees most knowledgeable as to the

information and/or documentation requested by plaintiffs in their Post-Judgment Interrogatories

and Post-Judgment Requests for the Production of Documents, served herewith.

Dated: November 8, 2012
       New York, New York

                                        /s/ Zachary N. Leeds
                                        Zachary N. Leeds
                                        Danya Ahmed
                                        COHEN, WEISS and SIMON LLP
                                        330 West 42nd Street
                                        New York, New York 10036
                                        (212) 563-4100

                                        Attorney for Plaintiffs/Judgment Creditors

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
THOMAS GESUALDI, LOUIS BISIGNANO,                  :
ANTHONY PIROZZI, DOMINICK MARROCCO,   :
ANTHONY D'AQUILA, JOSEPH A. FERRARA,            :
SR., FRANK H. FINKEL, MARC HERBST,                   :    Case No.
THOMAS F. CORBETT, AND DENISE                           :    11-cv-0796 (JFB)(AKT)
RICHARDSON, as Trustees and Fiduciaries of the      :
Local 282 Welfare Trust Fund, the Local 282               :
Pension Trust Fund, the Local 282 Annuity Trust        :
Fund, the Local 282 Job Training Trust Fund, and the :
Local 282 Vacation and Sick Leave Trust Fund,          :
                                                                                    :
                         Plaintiffs,                                              :
                                                                                    :
         -against-                                                              :
                                                                                    :
OYSTER BAY SAND & GRAVEL, INC.,                        :
                                                                                    :
                         Defendant.                                           :
-------------------------------------------------------------- X

## PLAINTIFFS' REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT OYSTER BAY SAND & GRAVEL, INC.

Pursuant to Federal Rules of Civil Procedure 26, 34, and 69, plaintiffs Joseph A.

Ferrara, Sr., Frank H. Finkel, Marc Herbst, Thomas Corbett, Denise Richardson, Anthony

D'Aquila, Thomas Gesualdi, Louis Bisignano, Dominick Marrocco, and Anthony Pirozzi, as

Trustees and Fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust

Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local

282 Vacation and Sick Leave Trust Fund (the "Funds"), hereby request that defendant Oyster

Bay Sand & Gravel, Inc. ("Oyster Bay"), produce for inspection and copying all documents

designated below at the offices of Cohen, Weiss and Simon LLP, 330 West 42nd Street, New

York, New York 10036, on or before December 13, 2012.

## DEFINITIONS AND INSTRUCTIONS

A.      Incorporated herein by reference is Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York governing Uniform Definitions in Discovery Requests.

B.      "Oyster Bay" shall mean defendant Oyster Bay Sand & Gravel, Inc., its officers, directors, shareholders, employees, attorneys, accountants and/or agents of any kind.

C.      "Funds" means the Local 282 Benefit Funds.

D.      "Union" shall mean Local 282, International Brotherhood of Teamsters.

E.      The documents called for are those in the possession, custody or control of Oyster Bay Sand & Gravel, Inc., wherever located.

F.      The documents produced are to be segregated by request number (and, if applicable, by subpart within a request).

G.      The documents sought by this Request for Production of Documents are for any time between April 1, 2005 to date, unless otherwise indicated.

H.      The documents sought by this Request for Production of Documents include all drafts of documents required to be produced and documents that are nearly identical but that differ in a minor, or any, way from other documents required to be produced (e.g., two documents are identical except one contains handwritten notes; both documents must be produced).

I.      The term "documents" has the same meaning as identified in Rule 34, including but not limited to, electronically stored information within the meaning of Rule 34, electronic mail, writings, drawings, graphs, charts, photographs, audio recordings, and other data compilations.

J.      All requests made herein shall be construed to include any documents responsive to these requests that are later prepared, created or discovered and that are required to be produced pursuant to Federal Rule of Civil Procedure 26(e).

K.      For each document to which any privilege is claimed, the party asserting the privilege shall be identified and this defendant shall identify the date of the document, any title or heading affixed to the document, the name and address of all persons to whom and by whom the document was sent or distributed, the type of document (e.g., letter, memorandum), the general subject matter of the document, and the nature of the alleged privilege.

## DOCUMENT REQUESTS

1.      All Articles of Incorporation, corporate registration documents, bylaws, stock certificates and/or shareholder agreements, including all riders and/or amendments, issued by or concerning Oyster Bay.

2.      All Articles of Incorporation, corporate registration documents, bylaws, stock certificates and/or shareholder agreements, including all riders and/or amendments, issued by or concerning the Affiliates.

3.      All documents identifying any person or entity that has or had any ownership interest in Oyster Bay.

4.      All documents identifying any person or entity that has or had any ownership interest in the Affiliates.

5.      All documents identifying any person as being a manager or supervisor for Oyster Bay, whether or not an employee of Oyster Bay, at any time.

6.      All minutes of meetings of the Board of Directors or other governing body of Oyster Bay, including all riders or amendments to such documents.

3

7.      All notices, filings, or reports concerning Oyster Bay that are required to be prepared for or filed with any federal, state or municipal authority or agency including any law enforcement agency, or which were filed, prepared, submitted or issued, including all riders or amendments thereto.

8.      All quarterly and annual federal, state and sales tax returns for Oyster Bay (including but not limited to all Forms 941, 941A or WRS-2, all Forms 1120 or 1120-S, all 1099 and related 1096 Forms) filed at any time.

9.      All taxes and schedules filed with, or received from, any local, state, or federal tax agency or department, including but not limited to personal income tax returns and schedules, K-1s and any related schedules, and any business tax returns.

10.     Each and every collective bargaining agreement that Oyster Bay has entered or are bound to, including, but not limited to, those with the Union.

11.     All written service or performance contracts or invoices, and any documents reflecting such contracts or invoices, or  any documents reflecting any oral contracts or arrangements for any service or performance between or among the Companies.

12.     All documents concerning any report to a federal or state agency or authority concerning mileage on any and all vehicles owned, operated, rented, leased or used by Oyster Bay including, but not limited to, Highway Use Tax Returns.

13.     All permits, including overweight or overlength permits, and licenses for all vehicles and equipment that were owned, operated, rented, leased or used by Oyster Bay, including all documents pertaining to the sale, transfer or disposition of any permit or license.

14.     Any and all records concerning ownership, rental, mortgage, security, or use of material and equipment (including vehicles), by Oyster Bay or any person acting on behalf of Oyster Bay.

15.     Any and all documents related to any operating licenses or other authorizations held by Oyster Bay or otherwise in Oyster Bay's name or possession

16.     All documents concerning vehicles and equipment owned, operated, rented, leased, or used by Oyster Bay, including Title, Registration and Insurance certificates, and documents pertaining to the sale, transfer or disposition of said vehicles and equipment.

17.     Any and all financial statements, profit and loss statements, balance and income statements, balance sheets, trial balance sheets, ledgers, journals (including cash disbursements and cash receipts), accounting statements, accounting reports, or other documents designed to present the financial condition of Oyster Bay or any business entity.

18.     Any and all documents memorializing the sale, merger, transfer of assets, or purchase by Oyster Bay of any other person.

19.     Any and all documents memorializing the sale, merger, transfer of assets, or purchase by any other person of any ownership interest in Oyster Bay.

20.     Any and all documents memorializing the sale or transfer of any asset sold or valued in excess of $500 from Oyster Bay to any person.

21.     Any and all documents concerning the assumption by any person of the debts and/or liabilities of Oyster Bay.

22.     Any and all documents concerning any surety bond, escrow account or any type of insurance procured or maintained by Oyster Bay to guarantee payment of wages,

5

dues, and assessments, and contributions to any fringe benefit fund to which Oyster Bay is

obligated to make contributions pursuant to the terms of a collective bargaining agreement.

23. All W-2s, Form 1099s, individual earnings cards and/or time cards for all

of the employees, independent contractors, or owner-operators hired, employed or retained by

Oyster Bay who performed any driving work for Oyster Bay.

24. Copies of all checks, money orders, cashier's checks, wire transfers,

electronic transfers, instruments of payments, negotiable instruments, or other documents

representing payments or transfers of assets from Oyster Bay to any of its officers, directors,

shareholders, or companies or entities owned or controlled by these officers, directors, or

shareholders.

25. Any and all applications completed and submitted to Oyster Bay by

candidates for employment or independent/owner-operator positions that were ultimately hired

or retained as employees, independent contractors, or owner-operators by Oyster Bay and who

performed any driving work for Oyster Bay.

26. Any and all records reflecting reports and/or contribution payments to any

union or multiemployer employee benefit trust funds, not including the Funds, on behalf of any

individuals on Oyster Bay's payroll.

27. The disbursements, accounts receivables journal(s), accounts payable

journal(s), general ledger, and weekly payroll journal(s) for Oyster Bay.

28. Any and all statements of accounts receivable of Oyster Bay and any

underlying invoices, contracts, purchase orders, or other documentation of the obligation.

29.     Certificate(s) of Title(s) and/or other documents which identify the real property owned, controlled and/or managed by Oyster Bay, whether owned, controlled or managed individually, jointly or in common.

30.     All leases, rental agreements, and/or occupancy agreements concerning any real property used or occupied by Oyster Bay (whether owned, controlled and/or managed individually, jointly or in common), including all documents reflecting any oral agreement concerning Oyster Bay's use or occupancy of any real property.

31.     Certificate of Title(s) and/or other documents which identify the owner(s) and/or other occupants of any real property used or occupied by Oyster Bay, including all leases, rental agreements, occupancy agreements or documents reflecting any oral agreement for occupancy, rental or lease of all or part of the property.

32.     Any and all records of any financial transactions among or between Oyster Bay, including documents which refer, reflect or relate to any ownership by or interest in or on behalf of Oyster Bay in any partnership, corporation, business, proprietorship, limited liability company or any other business organization.

33.     All documents relating to the hiring of trucks by Oyster Bay, including, without limitation, equipment vouchers, invoices and payment records.

34.     All records of driving work performed for Oyster Bay, including, but not limited to, payroll records, delivery tickets, and invoices.

35.     All customer lists or other documents indicating Oyster Bay's companies.

36.     All contracts between or among any customer and Oyster Bay.

37.     Any and all documents concerning invoices submitted by Oyster Bay to any third party for services rendered or materials supplied.

7

38.     Any print, electronic, or on-line advertisements or announcements regarding the services provided by or available from Oyster Bay.

39.     All correspondence or records of communication between or among Oyster Bay and any customer of Oyster Bay.

40.     All state unemployment/disability forms and all workers' compensation insurance reports filed by or submitted on behalf of Oyster Bay.

41.     All records maintained on or concerning employees, owner operators, temporary employees or independent contractors of Oyster Bay, including, but not limited to, records reflecting the nature or type of work performed by employees, owner operators, temporary employees or independent contractors paid on Oyster Bay's payroll.

42.     All retainer agreements or contracts between Oyster Bay and any law firm, accounting firm, actuarial firm, advertising firm, public relations firm, real estate firm or payroll company.

43.     All written individual employment contracts between any individual and Oyster Bay.

44.     All correspondence or records of communication between Oyster Bay and any service providers.

45.     Any and all bank statements, money market account statements, stock broker account ledgers, passbooks, entry ledgers, computer printouts, or other graphic representations of whatever kind that reflect money, assets or business property held by Oyster Bay at any financial institution, brokerage house, bank, savings institution, safe deposit and trust company, or other financial or credit company.

46.     All payroll records, including payroll journals, time cards, print-outs, ledgers or any other form of payroll record for Oyster Bay.

47.     Any telephone, mailing or email directories listing any officers, directors or employees of Oyster Bay.

Dated: November 8, 2012

/s/ Zachary N. Leeds
Zachary Leeds
Danya Ahmed
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 563-4100

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

THOMAS GESUALDI, LOUIS BISIGNANO,  :
ANTHONY PIROZZI, DOMINICK MARROCCO,  :
ANTHONY D'AQUILA, JOSEPH A. FERRARA,  :
SR., FRANK H. FINKEL, MARC HERBST,  :    Case No.
THOMAS F. CORBETT, AND DENISE  :    11-cv-0796 (JFB)(AKT)
RICHARDSON, as Trustees and Fiduciaries of the  :
Local 282 Welfare Trust Fund, the Local 282  :
Pension Trust Fund, the Local 282 Annuity Trust  :
Fund, the Local 282 Job Training Trust Fund, and the  :
Local 282 Vacation and Sick Leave Trust Fund,  :

                   Plaintiffs,  :

   -against-  :

OYSTER BAY SAND & GRAVEL, INC.,  :

            Defendant.  :

-------------------------------------------------------------- X

## PLAINTIFFS' POST-JUDGMENT INTERROGATORIES
## TO OYSTER BAY SAND & GRAVEL, INC.

Pursuant to Rules 26, 33 and 69(a) of the Federal Rules of Civil Procedure,

Plaintiffs/Judgment-Creditors Joseph A. Ferrara, Sr., Frank H. Finkel, Marc Herbst, Denise

Richardson, Thomas Corbett, Anthony D'Aquila, Thomas Gesualdi, Louis Bisignano, and

Anthony Pirozzi, and Dominick Marrocco, as Trustees and fiduciaries of the Local 282 Welfare

Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282

Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund, hereby serve

the following interrogatories upon Defendant/Judgment-Debtor Oyster Bay Sand & Gravel, Inc.

("Oyster Bay"), to answer fully in writing, under oath, and serve its answers at Cohen, Weiss and

Simon, LLP, at 330 West 42nd Street, New York, NY 10036, on or before December 13, 2012.

00242477 1

## DEFINITIONS AND INSTRUCTIONS

1.      Incorporated herein by reference are the Uniform Definitions in Discovery Requests set forth in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

2.      "Oyster Bay" or the "Employer" shall mean, collectively or individually, Oyster Bay Sand & Gravel, Inc., and where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

3.      "You" shall mean the judgment-debtor  responding to these interrogatories.

4.      In answering these interrogatories, furnish all information that is available to you or otherwise subject to your custody or control.

5.      Unless otherwise specified, the time period covered by this first set of interrogatories shall extend from April 1, 2006 through the present.

6.      These interrogatories shall be continuing in nature, and to the extent that answers thereto may be enlarged, diminished or otherwise modified by information discovered by you subsequent to the service of your initial answers hereto, you are requested to serve promptly thereafter supplemental answers setting forth such information.

7.      If you know of any information but cannot give the specific information or the full information called for by a particular request, state that this is the situation, give the particular reasons for your inability to provide specific or full information, give the best information you can provide on the subject (such as an approximate date or dollar figure) and identify every person whom you believe has the requested information.

2

8.      With respect to any interrogatory that is not answered on a claim of privilege, provide, at the time the interrogatories are answered, a statement signed by your attorney setting forth the basis for your refusal to answer and identifying the following information:  the date of the communication, the general subject matter of the communication, the name and address of all persons to whom and by whom the information was conveyed and the nature of the alleged privilege.

### INTERROGATORIES

1.      Identify each and every person who provided information relied upon in answering Judgment-Creditors' First Set of Post-Judgment Interrogatories.

2.      State all names by which Oyster Bay is (and/or was) known, including trade names.

3.      State all present and former addresses of Oyster Bay.

4.      List the name and current addresses of all present and former shareholders, officers and directors of Oyster Bay.

5.      State the present and specific location of all books and records of Oyster Bay, including checkbooks.

6.      State the name of all entities doing business under the name of Oyster Bay, including, but not limited to, incorporated companies, unincorporated companies, and companies using the trade name of the Employer.

7.      State the name and address of the person(s), or entities who prepare, maintain and/or control the business records and checkbooks of Oyster Bay.

8.      State the name and address of the person(s) or entities who have the authority to issue and or sign checks on behalf of Oyster Bay.

3

9.　　List all physical assets, including real property, of Oyster Bay and the present and specific location thereof. If any asset is subject to a lien, state the name and address of the lien-holder and the amount due on the lien.

10.　　Identify any bank or brokerage accounts of Oyster Bay setting forth the type of account, the name of the bank or other financial institution where the account was maintained, the account number, and the total assets in the account as of the date of your response.

11.　　Identify all accounts receivable due to Oyster Bay, stating the name, address and amount due on each receivable.

12.　　Did any individual, corporation or other entity ever pay or guarantee any debts of Oyster Bay? If yes, identify the individual, corporation or other entity, the nature and amount of the debt, and whether or not the lending individual, corporation or other entity has been repaid.

13.　　Did Oyster Bay ever extend any loans to shareholders, directors and/or officers? If yes, set forth the following:

  a. The nature and purpose of such loan(s);
  b. Whether such loan(s) were noted in the corporate books, records and/or tax returns;
  c. The names and addresses of the shareholder(s), director(s) and/or officer(s) who received the loan(s), and the number and/or percentage of shares of the Companies held by each;
  d. The amount of such loan(s);
  e. The terms of such loan(s); and
  f. The repayment status of such loan(s).

14.　　If Oyster Bay and/or any successor and/or predecessor are alleged to be no longer active businesses, for each such company that is no longer in active business, set forth:

  a. The name of the company
  b. The date of cessation;

4

c.    Assets as of the date of cessation;

d.    The present and specific location of those assets;

e.    If the assets were sold or transferred, set forth:

    1.    The nature of the assets;

    2.    Date of transfers;

    3.    Name and address of the person(s) and/or corporation(s) to whom the assets were transferred;

    4.    The consideration paid for the assets and the form in which it was paid;

    5.    Explain in detail what happened to the consideration paid for the assets.

15.    Identify all customers of Oyster Bay.

Dated: November 8, 2012
       New York, New York

Respectfully submitted,

/s/ Zachary N. Leeds
Zachary Leeds
Danya Ahmed
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 563-4100

Attorneys for Judgment-Creditors

5

# Exhibit C

## Zachary N. Leeds

| | |
|---|---|
| **From:** | Zachary N. Leeds |
| **Sent:** | Friday, February 14, 2014 3:58 PM |
| **To:** | 'Elrod, Abigail' |
| **Cc:** | Hayes, Emily |
| **Subject:** | RE: 282/Oyster Bay |

Ok, I'll hold off doing anything if I hear from you by then.  Thanks.

**COHEN WEISS AND SIMON** L.L.P.

**Zachary N. Leeds**
330 West 42nd Street
New York, NY 10036-6979
Tel:  212.356.0243
Cell: 718-715-2315
Fax: 646.473.8243

zleeds@cwsny.com  |  www.cwsny.com

**From:** Elrod, Abigail [mailto:Abigail.Elrod@wilsonelser.com]
**Sent:** Friday, February 14, 2014 3:39 PM
**To:** Zachary N. Leeds
**Cc:** Hayes, Emily
**Subject:** RE: 282/Oyster Bay

We are doing the best we can to get an affidavit from our contact which will essentially confirm that there is no money left in the company. It's been a little tricky on our end, but we are actively working to provide you with something. we hope to have something to you by the end of next week.

Abigail Elrod
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
1133 Westchester Avenue
White Plains, NY 10604
914.872.7871 (Direct)
914.323.7000 (Main)
914.323.7001 (Fax)
abigail.elrod@wilsonelser.com

**From:** Zachary N. Leeds [mailto:zleeds@cwsny.com]
**Sent:** Monday, February 10, 2014 5:41 PM
**To:** Elrod, Abigail
**Cc:** Hayes, Emily
**Subject:** RE: 282/Oyster Bay

Seems like we're back where we started.  I'm going to have to file the motion to compel if I don't hear back from you by the end of the week.  At least give me a deadline by when you'll be responding.  Thanks.



**Zachary N. Leeds**
330 West 42nd Street
New York, NY 10036-6979
Tel: 212.356.0243
Cell: 718-715-2315
Fax: 646.473.8243

zleeds@cwsny.com | www.cwsny.com

---

**From:** Zachary N. Leeds
**Sent:** Friday, January 17, 2014 2:13 PM
**To:** 'Elrod, Abigail'
**Cc:** Hayes, Emily
**Subject:** RE: 282/Oyster Bay

Ok. Please use the actual requests we served as a guide. When can we expect it? Since this has been going on for some time, I'd like a deadline after which we could go to the Court.



**Zachary N. Leeds**
330 West 42nd Street
New York, NY 10036-6979
Tel: 212.356.0243
Cell: 718-715-2315
Fax: 646.473.8243

zleeds@cwsny.com | www.cwsny.com

---

**From:** Elrod, Abigail [mailto:Abigail.Elrod@wilsonelser.com]
**Sent:** Friday, January 17, 2014 2:09 PM
**To:** Zachary N. Leeds
**Cc:** Hayes, Emily
**Subject:** RE: 282/Oyster Bay

We spoke with our contact today and our working on getting the answers you requested for the affidavit.

Abigail Elrod
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
1133 Westchester Avenue
White Plains, NY 10604
914.872.7871 (Direct)
914.323.7000 (Main)
914.323.7001 (Fax)
abigail.elrod@wilsonelser.com

---

**From:** Zachary N. Leeds [mailto:zleeds@cwsny.com]
**Sent:** Friday, January 17, 2014 12:54 PM
**To:** Elrod, Abigail
**Subject:** 282/Oyster Bay

When we spoke last week you said you'd be getting back to me this week about responses to our discovery requests. Can you let me know if the status?

2



**Zachary N. Leeds**
330 West 42nd Street
New York, NY 10036-6979
Tel:  212.356.0243
Cell: 718-715-2315
Fax: 646.473.8243

zleeds@cwsny.com  |  www.cwsny.com

Under applicable Treasury Regulations, we are required to inform you that no U.S. tax advice in this email or an attachment to this email is intended or written to be used, nor can it be used, to avoid a penalty under the Internal Revenue Code, or to promote, market or recommend to another party a transaction or matter addressed in this email or attachment.

This E-Mail and any attachments may contain material that is protected by an attorney-client privilege or that is otherwise confidential. Please do not permit anyone other than an addressee or an employee or other authorized agent of an addressee to read this e-mail or any of its attachments without the consent of Cohen, Weiss and Simon LLP. If you are not one of the people specified in the previous sentence, please delete this e-mail and its attachments and notify me.

This communication was not intended or written to be used, and it
cannot be used by any taxpayer, for the purpose of avoiding tax
penalties. (The foregoing legend has been affixed pursuant to U.S.
Treasury Regulations governing tax practice.)
********************************************************

CONFIDENTIALITY NOTICE: This electronic message is intended to be
viewed only by the individual or entity to whom it is addressed.
It may contain information that is privileged, confidential and
exempt from disclosure under applicable law. Any dissemination,
distribution or copying of this communication is strictly prohibited
without our prior permission. If the reader of this message is not
the intended recipient, or the employee or agent responsible for
delivering the message to the intended recipient, or if you have
received this communication in error, please notify us immediately by
return e-mail and delete the original message and any copies of it
from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman &
Dicker LLP, please see our website at www.wilsonelser.com or refer to
any of our offices.
Thank you.
This communication was not intended or written to be used, and it
cannot be used by any taxpayer, for the purpose of avoiding tax
penalties. (The foregoing legend has been affixed pursuant to U.S.
Treasury Regulations governing tax practice.)
********************************************************

CONFIDENTIALITY NOTICE: This electronic message is intended to be
viewed only by the individual or entity to whom it is addressed.
It may contain information that is privileged, confidential and
exempt from disclosure under applicable law. Any dissemination,
distribution or copying of this communication is strictly prohibited
without our prior permission. If the reader of this message is not
the intended recipient, or the employee or agent responsible for
delivering the message to the intended recipient, or if you have
received this communication in error, please notify us immediately by
return e-mail and delete the original message and any copies of it

from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman &
Dicker LLP, please see our website at www.wilsonelser.com or refer to
any of our offices.
Thank you.

## Caitlin M. Fitzgerald

**From:** Zachary N. Leeds
**Sent:** Thursday, November 08, 2012 2:59 PM
**To:** 'Rubin, Abigail'
**Cc:** Danya Ahmed
**Subject:** RE: Oyster Bay and Local 282 Trust Funds, Our File No. 12245.1



Post-Judgument
Discovery Reque...

Please see attached discovery requests to your client Oyster Bay.  Please let me know if you cannot accept service, or if
you have any questions.


Zachary N. Leeds
Cohen, Weiss and Simon LLP
330 West 42nd Street, 25th Floor
New York, NY 10036-6976
Direct Dial (212) 356-0243
Cell (718) 715-2315
Direct Fax (646) 473-8243
zleeds@cwsny.com
www.cwsny.com


---

**From:** Zachary N. Leeds
**Sent:** Thursday, April 12, 2012 4:10 PM
**To:** Rubin, Abigail
**Subject:** RE: Oyster Bay and Local 282 Trust Funds, Our File No. 12245.1


Ok, thank you.  Please also send me an accounting of the payment of those liabilities.


Zachary N. Leeds
Cohen, Weiss and Simon LLP
330 West 42nd Street, 25th Floor
New York, NY 10036-6976
Direct Dial (212) 356-0243

Cell (718) 715-2315
Direct Fax (646) 473-8243
zleeds@cwsny.com

www.cwsny.com

**From:** Rubin, Abigail [mailto:Abigail.Rubin@wilsonelser.com]
**Sent:** Thursday, April 12, 2012 3:57 PM
**To:** Zachary N. Leeds
**Cc:** Hayes, Emily
**Subject:** RE: Oyster Bay and Local 282 Trust Funds, Our File No. 12245.1

Hi Zach,

I wanted to let you know that I finally got in touch with my client today. It appears that Oyster Bay Sand and Gravel paid off all of its hard assets in 2010 and 2011 to help pay off some of its debts and it still has approximately $75,000 in remaining liabilities. The corporate tax returns for 2010 and 2011 are being completed as we speak and should be ready to produce in approximately two weeks.

As soon as we have the documentation necessary to confirm what I've stated above, I will forward it to you.

If you have any questions in the meantime, do not hesitate to call.

Thanks,

Abigail Rubin
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
3 Gannett Drive
White Plains, NY 10604-3407
914-872-7871 (Direct)
914-323-7000 (Main)
914-323-7001 (Fax)
abigail.rubin@wilsonelser.com

**From:** Rubin, Abigail
**Sent:** Thursday, April 05, 2012 6:25 PM
**To:** 'Zachary N. Leeds'
**Cc:** Hayes, Emily
**Subject:** RE: Oyster Bay and Local 282 Trust Funds, Our File No. 12245.1

Hi Zach,


I am not neglecting this matter, I am ust having difficulties getting in touch with our client. I will get in touch with you early next week and hopefully I will have what we promised by then.


Abigail Rubin
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
3 Gannett Drive
White Plains, NY 10604-3407
914-872-7871 (Direct)
914-323-7000 (Main)
914-323-7001 (Fax)
abigail.rubin@wilsonelser.com




**From:** Zachary N. Leeds [mailto:zleeds@cwsny.com]
**Sent:** Thursday, April 05, 2012 12:42 PM
**To:** Rubin, Abigail
**Cc:** Hayes, Emily
**Subject:** RE: Oyster Bay and Local 282 Trust Funds, Our File No. 12245.1

I'm following up on this request.  We can serve a subpoena if you need that to get the documents, but I assume it'd be better to get these documents informally.

3

Zachary N. Leeds
Cohen, Weiss and Simon LLP
330 West 42nd Street, 25th Floor
New York, NY 10036-6976
Direct Dial (212) 356-0243

Cell (718) 715-2315
Direct Fax (646) 473-8243
zleeds@cwsny.com
www.cwsny.com

**From:** Zachary N. Leeds
**Sent:** Tuesday, March 20, 2012 3:39 PM
**To:** Rubin, Abigail
**Cc:** Hayes, Emily
**Subject:** RE: Oyster Bay and Local 282 Trust Funds, Our File No. 12245.1

Yes, please send the tax returns, up through the present if they exist. In addition, please send any documents that indicate that the company has been shut down.

Zachary N. Leeds
Cohen, Weiss and Simon LLP
330 West 42nd Street, 25th Floor
New York, NY 10036-6976
Direct Dial (212) 356-0243

Cell (718) 715-2315
Direct Fax (646) 473-8243
zleeds@cwsny.com
www.cwsny.com

**From:** Rubin, Abigail [mailto:Abigail.Rubin@wilsonelser.com]
**Sent:** Tuesday, March 20, 2012 3:32 PM
**To:** Zachary N. Leeds
**Cc:** Hayes, Emily
**Subject:** Oyster Bay and Local 282 Trust Funds, Our File No. 12245.1

Mr. Leeds --

I am following up on our telephone conversation last week in which we communicated our surprise to hear that a default judgment had been entered in this matter. As we discussed, counsel for the plaintiffs in this matter knew that the defendant was represented by this firm and even engaged in pre-litigation correspondence in attempt to resolve the matter, yet there was no effort to contact this firm once a motion for default judgment was filed. Based on these facts and others, we believe we have sufficient grounds to move to vacate the default judgment and will pursue that course of action if necessary. However, as you know, and as this firm has communicated in the past, Oyster Bay Sand & Gravel, Inc. ("OBSG") is no longer in business.OBSG's owner, Jeffrey Funfgeld, passed away in May 2008 and OBSG ceased operations at that time. As such, OBSG does not have any current funds or assets. Attached please find a letter sent to William Maye in July 2010 explaining these facts.

We have OBSG's 2007 and 2008 tax returns, if that would be helpful to show the severe drop-off of revenue in the year that Mr. Funfgeld passed and we are currently working on obtaining additional documentation that will confirm that OBSG has no current assets. We hope to have such additional documentation shortly.

In the meantime, if you have any further questions, please do not hestitate to call.

Thanks,

Abigail Rubin
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
3 Gannett Drive
White Plains, NY 10604-3407
914-872-7871 (Direct)
914-323-7000 (Main)
914-323-7001 (Fax)
abigail.rubin@wilsonelser.com

This communication was not intended or written to be used, and it cannot be used by any taxpayer, for the purpose of avoiding tax penalties. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)
**********************************************************

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not

the intended recipient, or the employee or agent responsible for
delivering the message to the intended recipient, or if you have
received this communication in error, please notify us immediately by
return e-mail and delete the original message and any copies of it
from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman &
Dicker LLP, please see our website at www.wilsonelser.com or refer to
any of our offices.

Thank you

Under applicable Treasury Regulations, we are required to inform you that no U.S. tax advice in this
email or an attachment to this email is intended or written to be used, nor can it be used, to avoid a
penalty under the Internal Revenue Code, or to promote, market or recommend to another party a
transaction or matter addressed in this email or attachment.

This E-Mail and any attachments may contain material that is protected by an attorney-client privilege
or that is otherwise confidential. Please do not permit anyone other than an addressee or an
employee or other authorized agent of an addressee to read this e-mail or any of its attachments
without the consent of Cohen, Weiss and Simon LLP. If you are not one of the people specified in the
previous sentence, please delete this e-mail and its attachments and notify me.

This communication was not intended or written to be used, and it
cannot be used by any taxpayer, for the purpose of avoiding tax
penalties. (The foregoing legend has been affixed pursuant to U.S.
Treasury Regulations governing tax practice.)
************************************************************

CONFIDENTIALITY NOTICE: This electronic message is intended to be
viewed only by the individual or entity to whom it is addressed.
It may contain information that is privileged, confidential and
exempt from disclosure under applicable law. Any dissemination,
distribution or copying of this communication is strictly prohibited
without our prior permission. If the reader of this message is not
the intended recipient, or the employee or agent responsible for
delivering the message to the intended recipient, or if you have
received this communication in error, please notify us immediately by
return e-mail and del

# Exhibit D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

THOMAS GESUALDI, LOUIS BISIGNANO,  :
ANTHONY PIROZZI, DOMINICK MARROCCO,  :
ANTHONY D'AQUILA, JOSEPH A. FERRARA,  :
SR., FRANK H. FINKEL, MARC HERBST,  :    Case No.
THOMAS F. CORBETT, AND DENISE  :    11-cv-0796 (JFB)(AKT)
RICHARDSON, as Trustees and Fiduciaries of the  :
Local 282 Welfare Trust Fund, the Local 282  :
Pension Trust Fund, the Local 282 Annuity Trust  :
Fund, the Local 282 Job Training Trust Fund, and the :
Local 282 Vacation and Sick Leave Trust Fund,  :

      Plaintiffs,  :

 -against-  :

OYSTER BAY SAND & GRAVEL, INC.,  :

      Defendant.  :

------------------------------------------------------------------- X

## PROPOSED ORDER

   This action was commenced on February 16, 2011 by the filing of the complaint

and the issuance of the summons.  Judgment was entered by the Court on November 16, 2011 in

favor of Plaintiffs, Thomas Gesualdi, Louis Bisignano, Anthony Pirozzi, Dominick Marrocco,

Anthony D'Aquila, Joseph A. Ferrara, Sr., Frank H. Finkel, Marc Herbst, Thomas F. Corbett,

and Denise Richardson, as Trustees and Fiduciaries of the Local 282 Welfare Trust Fund, the

Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Trust Fund,

and the Local 282 Vacation and Sick Leave Trust Fund, and against Defendant Oyster Bay Sand

& Gravel, Inc., in the amount of $882,557.37.

   IT IS HEREBY ORDERED that Oyster Bay Sand & Gravel, Inc. and/or its

principal shall provide answers responsive to Plaintiffs' Post-Judgment Interrogatories served on

the Company dated November 8, 2012, and produce any and all documents responsive to

00260027.1

Plaintiffs' Request for the Production of Documents dated November 8, 2012, on or before

_____, 2014 at the offices of Cohen, Weiss and Simon LLP, 330 West 42nd

Street, 25th Floor, New York, New York; and

        IT IS HEREBY FURTHER ORDERED that Oyster Bay Sand & Gravel, Inc.

and/or its principal shall produce a representative of the Company, to be deposed, as set forth in

plaintiffs' Notice of Deposition dated November 8, 2012, on _____, 2014 at

11:00 a.m. the offices of Cohen, Weiss and Simon LLP, 330 West 42nd Street, 25th Floor, New

York, New York; and

        IT IS HEREBY FURTHER ORDERED that Oyster Bay Sand & Gravel, Inc.

shall be liable for all attorney's fees and costs incurred by the Plaintiff in connection with this

motion.

        *Failure to respond to the Notice of Deposition, Plaintiffs' Post-Judgment*

*Interrogatories, and Plaintiffs' Request for the Production of Documents as set forth herein, will*

*serve as grounds for finding that Oyster Bay Sand & Gravel, Inc. and/or its principal are in*

*contempt of this Court and will be subject to civil and criminal penalties.*

        The Plaintiffs shall arrange for service of this Order by overnight delivery to

Oyster Bay Sand & Gravel, Inc. at its last known address, and by mail and e-mail to their

counsel.  Proof of such service shall be filed with the Court.

                            SO ORDERED.

Dated: _____         _____

                          United States Magistrate Judge A. Kathleen Tomlinson