**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY PIROZZI, DOMINICK MARROCCO,
ANTHONY D'AQUILA, FRANK FINKEL,
JOSEPH FERRARA, MARC HERBST,
THOMAS CORBETT and DENISE RICHARDSON,
as Trustees and Fiduciaries of the Local 282 Welfare,
Pension, Annuity, Job Training, and Vacation and Sick
Leave Trust Funds,

                         Plaintiff,                     **ORDER**
                                                          CV 11-796 (JFB) (AKT)

       - against -

OYSTER BAY SAND & GRAVEL, INC.,

                         Defendant.

---------------------------------------------------------------------X
**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

Presently before the Court is Plaintiffs' letter motion seeking (i) to compel Defendant Oyster Bay Sand & Gravel, Inc. ("Defendant" or "OBSG") to respond to Plaintiff's post-judgment discovery requests; and (ii) an award of legal fees and costs in connection with this motion. DE 20 ("Pl.'s Mot."). Defendant opposes the motion. *See* DE 25 ("Def.'s Opp."). For the reasons outlined below, Plaintiffs' motion is GRANTED to the extent set forth in this Order.

**II.    BACKGROUND FACTS**

On November 16, 2011, the Court entered a default judgment against Defendant in the amount of $882,557.37. *See* DE 19. In March 2012, Plaintiffs' counsel contacted counsel for Defendant at Wilson Elser Moskowitz Edelman & Dicker LLP by telephone and email in an attempt to obtain financial information regarding Defendant's assets and liabilities. *See* March

2012 Emails, annexed to Pl.'s Mot as Ex. C.  Defendant's counsel advised Plaintiffs that OBSG "is no longer in business" and that the company ceased operations when its owner, Jeffrey Funfgeld, passed away in May 2008.  *See id.*  Counsel offered to provide OBSG's 2007 and 2008 tax returns, and noted that she was "working on obtaining additional documentation that will confirm that OBSG has no current assets."  *Id.*  In response, Plaintiffs' counsel asked that Defendant provide tax returns "up until present if they exist" as well as "any documents that indicate that the company has been shut down."  *Id.*

By April 2012, Defendant had not produced the requested documents, and counsel continued to exchange emails.  In particular, Defendant's counsel represented on April 5, 2012 that she was "having difficulties getting in touch with [her] client," but stated she would be back in touch the following week when "hopefully I will have what we promised by then."  *See* April 2012 Emails, annexed to Pl.'s Mot as Ex. C.  On April 12, 2012, counsel emailed that she had "finally gotten in touch with [her] client today," and learned that OBSG "paid off all of its hard assets in 2010 and 2011" and "still has approximately $75,000 in remaining liabilities."  *Id.*  Counsel further represented that OBSG's corporate tax returns for 2010 and 2011 were being completed and "should be ready to produce in approximately two weeks."  *Id.*  In response, Plaintiffs' counsel requested that Defendant provide an accounting of the payment of its liabilities.  *See id.*

Having received no response from Defendant, on November 8, 2012 – nearly a year after the entry of default judgment – Plaintiffs served demands for post-judgment discovery, including a notice of deposition, document requests, and interrogatories, upon Defendant's counsel.  *See* Discovery Demands, annexed to Pl.'s Mot as Ex. B.  The email exchanges between counsel subsequently resumed and continued throughout 2012 and 2013, though copies of these emails

were not included with the parties' submissions on this motion. According to Plaintiffs, on November 19, 2012, Defendant's counsel emailed that she was currently unable to accept service on behalf of OBSG, as she had been unable to make contact with them. *See* Pl.'s Mot. at 2. On December 7, 2012, Defendant's counsel sent another email stating that OBSG was not in possession of the requested documents, but that counsel would seek to obtain them from an individual who was. *Id.* This result apparently never came to fruition, however. Plaintiff's' counsel thereafter sent several follow-up emails throughout 2013, to which Defendant's counsel responded that she was attempting to contact and follow up with OBSG. *Id.* Plaintiffs' counsel never sought Court intervention during this time.

These informal email exchanges continued up until Plaintiffs filed the instant motion. In response to a January 17, 2014 email from Plaintiffs' counsel, Defendant's counsel stated that she had spoken with the OBSG and was in the process of preparing information in response to the discovery requests. *See* 2014 Emails, annexed to Pl.'s Mot as Ex. C. Plaintiffs' counsel followed up again on February 10, 2014, and, on February 14, 2014, Defendant's counsel responded that she was "actively working to provide you with something," and that she hoped to have it by the end of the following week. *Id.* When nothing was forthcoming from Defendant's counsel, this motion followed.

### III. RELEVANT PROCEDURAL HISTORY

Plaintiffs filed the instant motion to compel on April 3, 2014. DE 20. On April 15, 2014, Defendant's counsel requested an extension of time to April 29, 2014 to file opposition. DE 22. Counsel noted that, in exchange for Plaintiffs' consent to the extension, "OBSG agrees to provide them with information relating to their discovery requests that are the subject of the motion to compel by April 29, 2014." *Id.* The Court granted Defendant's request for an

extension. Elec. Order, Apr. 16, 2014. On April 28, 2014, Defendant's counsel filed a second request for an extension of time to file her opposition, this time until May 7, 2014. DE 23. Counsel again represented that Plaintiffs had consented to the extension with the understanding that OBSG would "provide them with information relating to their discovery requests that are the subject of the motion to compel by May 7, 2014." *Id.* The Court granted Defendant's second request for an extension. DE 24. Defendant filed its one-page opposition on May 7, 2014. DE 25.

## IV. DISCUSSION

Based on the foregoing history of this case, Plaintiffs request, pursuant to Fed. R. Civ. P. 37, that the Court issue an order (i) directing Defendant to produce the requested documents within thirty days of entry of an order compelling production, and to appear for a deposition fourteen days thereafter at the office of Plaintiff's counsel, "or face contempt," and (ii) holding Defendant liable for the Plaintiffs' attorney's fees and costs in connection with this motion. Pl.'s Mot. at 2. Plaintiffs do not cite any case law in support of their request.

In its sparse opposition, Defendant asserts that the emails attached to Plaintiffs' motion demonstrate that "the parties have been in frequent (and recent) contact regarding this matter, and the undersigned counsel for OBSG has repeatedly represented to counsel for the Plaintiffs that they have neither resources nor current access to the information sought." Def.'s Opp. at 1. Defendant states:

> According to representations previously received from OBSG was solely owned by Jeffrey Fungfeld. After his death in 2008, the books and records of OBSG were removed from OBSG's premises by Mr. Fungfeld's heirs. As such, OBSG no longer has access to this information. An affidavit from Gilbert Meyer, an OBSG representative, will be provided to the Plaintiffs to this effect. As such, any further responses sought from OBSG will merely be ineffectual and will not assist the Plaintiffs in their efforts.

4

*Id.* Defendant also opposes Plaintiff's' request for attorneys' fees and costs, asserting that "[t]his motion practice is unnecessary, as OBSG has already agreed to provide Plaintiffs with the described affidavit." *Id.*

Fed. R. Civ. P. Rule 69(a) provides, in relevant part: "In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." "The scope of post-judgment discovery is broad, and a judgment creditor is entitled to a very thorough examination of a judgment debtor with respect to its assets." *Libaire v. Kaplan*, 760 F. Supp. 2d 288, 293 (E.D.N.Y. 2011) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, No. 88 CV 3039, 1993 WL 50528, at *1 (E.D.N.Y. Feb. 23, 1993) (quotation marks and alterations omitted); *see also Banco Central De Paraguay v. Paraguay Humanitarian Found.*, No. 01 Civ. 9649, 2006 WL 3456521, at *8 (S.D.N.Y. Nov. 30, 2006) ("Under Rule 69(a), a judgment creditor is entitled to a wide range of discovery concerning the assets and liabilities of a judgment debtor."). Under Fed. R. Civ. P. 34, a party must serve its responses to discovery demands within thirty days after being served with the requests, unless a shorter or longer time period is stipulated to or ordered by the Court. *See* Fed. R. Civ. P. 34(b)(2)(A).

Here, the Court finds that Plaintiffs are entitled to post-judgment discovery from Defendant, but the scope of information Plaintiffs seek in their discovery demands is overly broad. The Court further finds that Defendant has waived any objections to Plaintiffs' discovery demands based on Defendant's failure to timely respond in writing as required or object to the demands pursuant to Fed. R. Civ. P. 34. *See U.S. Bancorp Equip. Fin., Inc. v. Babylon Transit, Inc.*, 270 F.R.D. 136, 140 (E.D.N.Y. 2010); *Labarbera v. Absolute Trucking, Inc.*, No. CV 08-4581 DRH AKT, 2009 WL 2496463, at *1 (E.D.N.Y. Aug. 12, 2009). Accordingly, Plaintiffs'

motion is GRANTED subject to the following:

- In light of DE 25, Plaintiffs' counsel is to advise the Court by April 17, 2015 what, if anything, Defendant's counsel produced as represented in DE 25.

- The Court is directing Plaintiffs to pare down the demands to a list of essential and material documents needed and to provide the Court with the same by April 17, 2015.

- Defendant's counsel will have until April 27, 2015 to advise the Court in writing why she is unable to provide what remains on Plaintiffs' list, particularly since all objections are deemed waived by the Court as noted in this Order.

- The parties are directed to appear before this Court for a show-cause hearing on May 11, 2015 at 10 a.m., at which time Defendant's counsel must show cause why sanctions should not be imposed on Defendant and/or Defendant's counsel for failure to comply with post-judgment discovery obligations.

**SO ORDERED.**

Dated: Central Islip, New York
March 31, 2015

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge